UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE CARMEN MARTINEZ COSME, MARTHA GARCIA, ELEAZAR RAMIREZ and IRMA FRANCO FLORES, | **COMPLAINT** |
| Plaintiffs, | **ECF CASE** |
| -against- | |
| ARELLS CREATIONS USA CORPORATION, FRANCISCO JAVIER VARGAS ZARAGOZA, LOURDES HERNANDEZ, MARGARITA VAZQUEZ and ARACELI VAZQUEZ, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiffs Jose Carmen Martinez Cosme ("Carmen"), Martha Garcia ("Garcia"), Eleazar Ramirez ("Ramirez"), and Irma Franco Flores ("Franco") (collectively referred to herein as "plaintiffs"), by their attorneys Braverman Law PC, hereby file this Complaint against Arells Creations USA Corporation ("Arells "), Francisco Javier Vargas Zaragoza ("Vargas"), Lourdes Hernandez ("Hernandez"), Margarita Vazquez ("Vazquez"), and Araceli Vazquez ("Araceli") (collectively referred to herein as "defendants"), and allege:

## NATURE OF THE ACTION

1.      This action is brought to recover unpaid minimum wages and overtime wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.* (the "FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL"), together with liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

3.      Venue is proper in the Southern District of New York under 28 U.S.C. §1391(b)(2), as plaintiffs performed work for defendants within the Southern District.

## THE PARTIES

**Plaintiffs**

4.      Carmen resides in Kings County, New York.

5.      Garcia resides in Queens County, New York.

6.      Ramirez and Franco reside in Bronx County, New York.

7.      Between approximately June 2, 2014 and April 18, 2015, Carmen worked for Arells as a factory worker producing clothing.

8.      Between approximately May 26, 2014 and November 3, 2014, Garcia worked for Arells as a factory worker producing clothing.

9.      Between approximately May 13, 2014 and August 30, 2014 (with an additional week of work performed in October 2014), Ramirez worked for Arells as a factory worker producing clothing.

10.      Between approximately May 14, 2014 and October 31, 2014, Franco worked for Arells as a factory worker producing clothing.

11.      At all times relevant to this action, plaintiffs have been employees engaged in commerce or the production of goods for commerce.

12.     At all times material herein, plaintiffs were "non-exempt" employees under the FLSA and NYLL.

**Defendants**

13.     Defendant Arells is a New York domestic business corporation, with an office located at 550 Eighth Avenue, Second Floor, New York, New York 10018 and an address for service process at 1379 Madison Street, Floor 1, Brooklyn, New York 11237.

14.     Arells is primarily engaged in garment production, specializing in tailoring, sample making, custom fashion, alterations, production, and cutting.

15.     Arells is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.  Arells has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2), upon information and belief, an annual gross volume of sales in excess of $500,000.

16.     Vargas is a person engaged in business in the City and County of New York.  Vargas is, upon information and belief, the Chief Executive Officer at Arells, and is sued individually in his capacity as an owner, officer and/or agent of Arells.  Vargas exercises sufficient control over Arells' operations to be considered plaintiffs' employer under the FLSA and NYLL, and at all times material herein had the power to hire and terminate employees, to determine the employment rate and method of pay of its employees, and to set terms and conditions of employment.

17.     Hernandez is a person engaged in business in the City and County of

New York.  Hernandez is, upon information belief, an owner or manager at Arells, and is sued individually in her capacity as an owner, officer and/or agent of Arells. Hernandez exercises sufficient control over Arells' operations to be considered plaintiffs' employer under the FLSA and NYLL, and at all times material herein had the power to hire and terminate employees, to determine the employment rate and method of pay of its employees, and to set terms and conditions of employment.

18.     Vazquez is a person engaged in business in the City and County of New York.  Vazquez is, upon information and belief, an owner or manager at Arells, and is sued individually in her capacity as an owner, officer and/or agent of Arells.  Vazquez exercises sufficient control over Arells' operations to be considered plaintiffs' employer under the FLSA and NYLL, and at all times material herein had the power to hire and terminate employees, to determine the employment rate and method of pay of its employees, and to set terms and conditions of employment.

19.     Araceli is a person engaged in business in the City and County of New York.  Araceli is, upon information and belief, an owner or manager at Arells, and is sued individually in her capacity as an owner, officer and/or agent of Arells.  Araceli exercises sufficient control over Arells' operations to be considered plaintiffs' employer under the FLSA and NYLL, and at all times material herein had the power to hire and terminate employees, to determine the employment rate and method of pay of its employees, and to set terms and conditions of employment.

20.     Defendants Vargas, Hernandez, Vazquez and Araceli, in their capacities as owners, officers and/or agents of Arells, subjected plaintiffs to their direction and

control during the course of plaintiffs' employment with Arells.

## FACTS

21.     Carmen began working for Arells on or around June 2, 2014.  He worked as a factory worker at Arells until he quit on or around April 18, 2015.

22.     Garcia began working for Arells on or around May 26, 2014.  She worked as a factory worker at Arells until she was terminated on or around November 3, 2014.

23.     Ramirez began working for Arells on or around May 13, 2014.  She worked as a factory worker at Arells until August 30, 2014, and then worked an additional week in October 2014 at which time she was terminated.

24.     Franco began working for Arells on or around May 14, 2014. She worked as a factory worker at Arells until she was terminated on or around October 31, 2014.

25.     When the plaintiffs began working, they were all offered $9.00 per hour. However, the plaintiffs were grossly underpaid for much of the time that they were employed by the defendants.

26.     For example, all the plaintiffs worked between approximately 60 to 65 hours per week during the month of June 2014.  However, they each received payments totaling $90.00 per week during that period, amounting to $2.25 per hour (based on a 40-hour work week), without any compensation for the hours worked over 40.

27.     During July 2014, the plaintiffs worked approximately 60 hours per week. They each received approximately $232 per week during July, amounting to $5.80 per hour (based on a 40-hour work week), without any compensation for the hours worked over 40.

28.     As another example, in December 2014, Carmen worked an average of 42 hours per week. However, he only received payments totaling $75.00 per week, or $1.78 per hour (based on a 40-hour work week), without any compensation for the hours worked over 40.

29.     Certain of the plaintiffs did not receive *any* compensation for some of the work that they performed.  For example, Franco worked for approximately 45 hours in September 2014, and another approximately 195 hours in October 2014, all based on the promises of the defendants that payment was forthcoming.  Yet she received no payment at all for that work.

30.     Ramirez worked for approximately 54 hours in a week in October 2014, but received no payment at all for such work.

31.     Additional information concerning the number of hours worked by plaintiffs and the actual compensation paid to plaintiffs should be in the possession and custody of the defendants.  Plaintiffs intend to obtain these records by appropriate discovery to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

## DEFENDANTS' VIOLATIONS OF THE
## WAGE THEFT PREVENTION ACT

32.     The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates at the time of hire and also on or before February 1st of each subsequent year of employment, and an accompanying wage statement each time employees are paid.

33.     Defendants failed to provide plaintiffs a wage statement listing: the accurate number of regular hours worked, overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

34.     Plaintiffs were never given a notice  at the time of hire containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

35.     Plaintiffs repeat and reallege paragraphs 1 through 34 as if fully set forth herein.

36.     Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

37.     Defendants were required to pay to plaintiffs the applicable federal minimum wage rate.

38.     Defendants failed to pay plaintiffs the minimum wages to which they were entitled under the FLSA.

39.     Defendants failed to pay plaintiffs minimum wage for the actual hours that they worked.

40.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to the compensation of plaintiffs.

41.     As a result of defendants' willful violations of the FLSA, plaintiffs suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law – Unpaid Minimum Wage)

42.     Plaintiffs repeat and reallege paragraphs 1 through 41 as if fully set forth herein.

43.     Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed plaintiffs.

44.     Defendants failed to pay plaintiffs the minimum wages to which they were entitled under the NYLL.

45.     Defendants willfully violated the NYLL by knowingly and intentionally failing to pay plaintiffs minimum hourly wages.

46.     As a result of defendants' violations of the NYLL, plaintiffs are entitled to

8

recover their unpaid wages, reasonable attorneys' fees and costs of the action,

liquidated damages, and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

47.     Plaintiffs repeat and reallege paragraphs 1 through 46 of this Complaint as

if fully set forth herein.

48.     Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and

206(a).

49.     Defendants were required to pay plaintiffs one and one-half (1 1/2) times

the regular rate for all hours worked in excess of forty in a workweek pursuant to the

overtime wage provisions set forth in the FLSA.

50.     Defendants failed to pay plaintiffs the overtime wages to which they were

entitled under the FLSA.

51.     Defendants willfully violated the FLSA by knowingly and intentionally

failing to pay plaintiffs overtime wages.

52.     Due to defendants' violations of the FLSA, plaintiffs are entitled to recover

their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs

of the action, and pre-judgment and post-judgment interest.

### FOURTH CLAIM
### (New York Labor Law – Unpaid Overtime)

53.     Plaintiffs repeat and reallege paragraphs 1 through 52 of this Complaint as

if fully set forth herein.

54.     Defendants are employers within the meaning of the NYLL §§ 190, 651(5),

652, and supporting New York State Department of Labor Regulations, and employed plaintiffs.

55.     Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiffs one and one-half (1 1/2) times the regular rate for all hours worked in excess of forty hours in a workweek.

56.     Defendants failed to pay plaintiffs the overtime wages to which they were entitled under the NYLL.

57.     Defendants willfully violated the NYLL by knowingly and intentionally failing to pay plaintiffs overtime wages.

58.     Due to defendants' violations of the NYLL, plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (New York Labor Law – Wage Theft Prevention)

59.     Plaintiffs repeat and reallege paragraphs 1 through 58 as if fully set forth herein.

60.     Defendants failed to furnish to plaintiffs a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191, and anything otherwise required by law in violation of NYLL § 195(1).

61. Due to defendants' violation of NYLL § 195(1), plaintiffs are entitled to recover from the Defendants liquidated damages of $50.00 per workweek when the violation occurred, up to a maximum of $2,500.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL § 198(1-b).

62. Defendants failed to furnish to plaintiffs with each wage payment, a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

63. Due to defendants' violation of the NYLL, § 195(3), plaintiffs are entitled to recover from the defendants liquidated damages of $100.00 per workweek.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

a. An award of unpaid minimum wage due under the FLSA and the New York Labor Law;

b. An award of liquidated damages as a result of Defendants' willful failure to pay minimum wage pursuant to the FLSA and NYLL.

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of liquidated damages as a result of defendants' willful failure

to pay overtime compensation pursuant to the FLSA and NYLL;

     e.     A declaratory judgment that the practices complained of herein are unlawful and willful under the FLSA and the New York Labor Law;

     f.     An award of and pre-judgment and post-judgment interest under the FLSA and the NYLL;

     g.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

     h.     Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

Dated:  New York, New York
          June 27, 2015

                            BRAVERMAN LAW PC

By:                      
                            Adam Braverman

                            450 Seventh Avenue, 13th Floor
                            New York, New York 10123
                            (212) 206-8166
                            abraverman@bravermanpc.com

                            *Attorneys for Plaintiffs*